IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Michael E. Pinilla, as Guardian ad Litem for Erick V-P, a minor under the age of 14, and as assignee of parent's claim for medical expenses, <br><br> Plaintiff, <br><br> v. <br><br> The United States of America, <br><br> Defendant. | Civil Action No.: 3:15-1077-JFA <br><br> **COMPLAINT** |

The Plaintiff, Michael E. Pinilla, as Guardian *ad Litem* for Erick V-P, a minor, by and through the undersigned counsel, brings this Complaint against the United States and would respectfully show unto this honorable court:

**PARTIES**

1. The Plaintiff, Michael E. Pinilla brings this action on behalf of and as the duly appointed Guardian *ad Litem* of Erick V-P, a minor under the age of 14 (hereinafter, "Erick"), and also in that capacity as the assignee of a claim for pre-majority medical expenses, pursuant to an assignment from Erick's biological parents, Emmi Polanco-Uceda (hereinafter, the "Mother") and Geovani Vazquez-Gonzalez (hereinafter, the "Father"). The Father has a "green card" work visa. Erick is an American citizen, as he was born in the United States.

2. The Plaintiff Michael E. Pinilla (hereinafter, "Pinilla"), Plaintiff, is a citizen and resident of Richland County, South Carolina.

3. Erick lives in Richland County with his parents.

4. Erick's parents are immigrants to the United States.

5. The Defendant, United States of America, is the proper party to this action. This action is commenced and prosecuted against the United States of America pursuant to and in

compliance with Title 28 U.S.C. §§ 2671 to 2680, commonly referred to as the "Federal Tort Claims Act." Liability of the United States is predicated specifically on Title 28 U.S.C. §§ 1346(b)(1) and 2674 because the personal injuries and resulting damages for which this complaint is made, were proximately caused by the negligence, gross negligence, recklessness, willfulness, and other wrongful acts and/or omissions of employees of the United States of America, including the Department of Health and Human Services, through the Eau Claire Cooperative Health Center d/b/a Waverly Women's Health Care, (hereinafter, "WWHC"), including its employee, Oluseyi K. Ogunleye, M.D. (hereinafter, "Dr. Ogunleye"), an obstetrician, and its medical, nursing and/or support staff, while acting within the course and scope of their employment, under circumstances where the United States of America, if a private person, would be liable to Plaintiff in the same manner and to the same extent as a private individual under the laws of the State of South Carolina.

6.      Upon information and belief, Eau Claire Cooperative Health Center d/b/a Waverly Women's Health Care (hereinafter "WWHC") is a recipient of federal grant money from the United States Public Health Service pursuant to 42 U.S.C. § 254b, 254d, 256, and/or 256a. As such, pursuant to 42 U.S.C. §233(h), the United States Department of Health and Human Services has deemed WWHC and its employees and/or certain contractors or agents who are physicians or nurses to be employees of the federal government only for purposes of coverage under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, et seq., effective for acts and omissions on or after January 1, 2008.

## JURISDICTION AND VENUE

7.      This United States District Court has jurisdiction of this case because this action is brought pursuant to and in compliance with 28 U.S.C. §§1346(b), 2671-2680 et seq., commonly known as the "Federal Tort Claims Act," which vests exclusive subject matter jurisdiction of Federal Tort Claims Act litigation in the United States District Court.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e), as the United States is a Defendant and the Plaintiff and is domiciled in this district. In addition, venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events and omissions giving rise to this cause of action occurred in the County of Richland in the State of South Carolina, which is within this District.

*9.* The United States Department of Health and Human Services is an agency of the United States of America. The United States of America, Defendant herein, through its agency, the United States Department of the Health and Human Services, at all times material hereto, either owned, operated and controlled the health care facility WWHC, or said facility received monies from the United States Public Health Service pursuant to 42 U.S.C. § 254b, 254d, 256, and/or 256a, such that pursuant to 42 U.S.C. §233(h), the United States Department of Health and Human Services has deemed WWHC and its employees and/or certain contractors or agents who are physicians or nurses to be employees of the federal government for purposes of coverage under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, *et. seq.*

10. The United States, through its employees and/or contractors, including but not limited to Dr. Ogunleye, a physician licensed in the State of South Carolina and practicing primarily in Richland County, South Carolina, who, at all times relevant to this action was holding himself out to the public as a specialist in obstetrics, provided prenatal, labor and delivery obstetrical care to the Mother and her then unborn son, Erick, at or through WWHC. As such, Dr. Ogunleye and other medical and nursing staff employed by WWHC had a physician-patient relationship or nursing-patient relationship with the Mother and her unborn infant, Erick. WWCH is located within and provides health care services to the public in the state of South Carolina.

11. Plaintiff pleads, pursuant to Title 28 U.S.C. §2672 and §2675(a), that the claims set forth herein were filed with and presented administratively to the Defendant's agency, the United

States Department of Health and Human Services on January 8, 2014. These claims were denied by the United States Department of Health and Human Services on September 16, 2014. Plaintiff received the denial by mail on October 6, 2014. Accordingly, Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to commencement and prosecution of this litigation.

## FACTUAL ALLEGATIONS

12. Prior to July 4, 2010, Erick's Mother became pregnant and submitted herself for prenatal and obstetrical care and attention to Dr. Ogunleye, an employee of WWCH, and therefore an employee of the United States of America for purposes of this litigation.

13. On July 4, 2010, Dr. Ogunleye attended the delivery of Erick, at Palmetto Health Baptist (hereinafter "Hospital") in Richland County, South Carolina and was the obstetrician responsible for management of the labor and delivery.

14. Erick was a healthy baby prior to July 4, 2010, when his Mother, was admitted to the hospital under the care of Dr. Ogunleye.

15. Dr. Ogunleye assumed responsibility and took charge of the labor and delivery obstetrical care of the Mother and her then unborn son, Erick. Dr. Ogunleye was responsible for the obstetrical management of labor and delivery related to Erick's birth.

16. During delivery Dr. Ogunleye encountered an obstetrical condition known as "shoulder dystocia", during which the infant's head delivers but the body fails to deliver because one of the infant's shoulders is impacted, or otherwise "stuck" behind the bones of the maternal pelvis, preventing the body from delivering with normal, gentle traction.

17. Dr. Ogunleye failed to appreciate, failed to properly manage, and failed to take advantage of standard safe and effective obstetrical maneuvers to assist in the management and resolution of the shoulder dystocia without causing injury to the infant. Instead, Dr. Ogunleye

applied excessive force, traction and/or torsion when he "pulled" and/or twisted the head and neck of the infant to extricate him from the mother's pelvis.

18. As a result of the excessive force, traction and/or torsion on Erick's head and neck, Dr. Ogunleye caused significant, severe, and permanent damage to Erick in the form of torticollis (a condition which occurs when a baby's neck is twisted, resulting in the head tipping to one side while the chin points upwards) and a permanent brachial plexus nerve injury (a condition where the nerves were torn or avulsed from the spinal cord). These injuries were foreseeable. Had Dr. Ogunleye properly managed the encountered shoulder dystocia in compliance with the applicable standard of care, Erick would not have sustained a severe and permanent injury, deformity and disability.

19. On July 7, 2013, when Erick was approximately age 3 years, his parents discovered that the brachial plexus injury from which Erick suffers could be the result of inappropriate and excessive traction and force exerted at the time of the birth.

20. As a direct and proximate result of Dr. Ogunleye's failure to properly manage shoulder dystocia in compliance with the standard of care, Erick has endured and will continue to endure severe and permanently debilitating injury, deformity, pain, and suffering, which requires costly medical treatment, limits his ability to engage in activities of daily living, decreases his enjoyment of life, and limits his vocational potential.

**FOR A FIRST CAUSE OF ACTION AGAINST THE DEFENDANT**
**(Minor's Cause of Action for Medical Negligence)**

21. Plaintiff re-pleads the foregoing allegations set forth above, as if set forth verbatim, and incorporates the same herein by reference.

22. Dr. Ogunleye, the staff, agents, and employees of WWHC, and, therefore Defendant United States of America, owed the Mother and her then unborn son a duty of providing

obstetrical care, labor and delivery, consistent with generally accepted standards of care for obstetricians acting under the same or similar circumstances.

23.     Defendant breached one or more of its duties of care to the Mother and Erick in a negligent, grossly negligent, reckless, willful, wanton manner and/or was otherwise wrongful in the labor and delivery obstetrical care and attention provided to them. As a direct and proximate result, Erick sustained severe bodily injuries, deformity, loss of function, and damages.

24.     Defendant breached this duty of due care in one or more of the following particulars:

a. Failing to acquire a reasonably safe level of knowledge, skill, and training about obstetrics generally, and the recognition and management of shoulder dystocia in particular, before attempting to manage the birthing process Erick; and/or

b. Failing to appreciate the heightened risk of shoulder dystocia in this delivery; and/or

c. Failing to timely recognize the signs and symptoms of shoulder dystocia; and/or

d. Failing to respond properly and appropriately to the signs and symptoms of shoulder dystocia; and/or

e. Failing and refusing to use the proper maneuvers to resolve shoulder dystocia without injury to Erick; and/or

f. Using improper delivery technique; and/or

g. Using improper and excessive force, traction and/or torsion; and/or

h. Mismanagement of labor and delivery; and/or

i. Mismanagement of shoulder dystocia; and/or

j. Failing to perform delivery by caesarean section and/or to convert to a caesarean section;

k. Failing to communicate with fellow health care team workers on a timely and accurate basis about matters of critical importance to the patient's health when the shoulder dystocia occurred; and/or

l. Failing to timely and properly monitor, observe, record and/or transcribe vital information about the patient's status and condition; and/or

m. Such other failures to comply with the standard of care for an obstetrician as may be identified during discovery and the trial of this case.

25. As a direct and proximate result of the negligence and other wrongful conduct on the part of Defendant, Erick has sustained certain injuries, deformity, loss of function, and damages, stated with particularity as follows:

a. Direct violent and traumatic injuries to various bodily members of Erick, including, but not limited to, permanent traumatic injury to the nerves which innervate his right shoulder, arm, and hand, commonly known as Erb's palsy; and/or

b. Adverse effects on various other bodily members and/or functions, such as gait, balance and skeletal and muscular symmetry of his shoulder, arm and hand; and/or

c. Past and future medical expenses; and/or

d. Life care management plan expense and diminution of vocational potential; and/or

e. Permanent impairments, deformity and disabilities; and/or

f. Disfigurement; and/or

g. Physical pain and suffering; and/or

h. Mental, emotional and psychological harm; and/or

i. Adverse effect on the future career opportunities, vocational potential, employability, earnings and earning capacity; and/or

j. Loss of enjoyment of life; and/or

k. Such further injuries, losses, impairments, limitations, and damages as may be revealed through development and discovery and trial of this case.

**FOR A SECOND CAUSE OF ACTION AGAINST THE DEFENDANT**

**(Cause of Action for Pre-Majority Medical Expenses and Damages)**

26. Plaintiff re-pleads the foregoing allegations as full as if set forth herein verbatim and incorporates the same herein by reference.

27.     Under current South Carolina law, when a minor is tortiously injured, the right to recover certain damages (such as the value of medical care during minority and loss of the minor's services), commonly referred to as pre-majority expenses, belongs to the parents, rather than the minor child.

28.     With respect to this case, the parents have assigned that right to the Plaintiff, Pinilla, in his capacity as the Guardian *ad Litem* of the minor child, Erick.

29.     As a direct and proximate result of the negligence and other wrongful conduct on the part of the Defendant, the Plaintiff, as assignee of the biological parents, is entitled to recover (a) the value of tort-related medical care needed during minority; (b) loss of the child's services; and (c) such further injuries, losses, and damages as may be revealed through development, discovery and trial of this case.

**WHEREFORE,** the Plaintiff hereby requests a trial on all of the issues that have been, or may hereafter be, raised in any of the pleadings. Plaintiff further seeks judgment against the Defendant for:

a.  Actual and consequential damages;
b.  The costs and disbursements of this action;
c.  Such other and further relief as this Court deems just and proper

Respectfully Submitted,

**GRAHAM LAW FIRM, P.A.**

By:     s/ Edward L. Graham
Edward L. Graham  Federal ID # 2415
Post Office Box 550

                                                                  Florence, S.C. 29503
                                                                  egraham@grahamlawfirm.net
                                                                  **Attorneys for Plaintiff**

Florence, South Carolina
March 5, 2015